UTICA,
August, 1829.

Davenport
v.
Averill.

DAVENPORT and others *vs.* AVERILL.

Whether a party, who obtains a rule for a commission to examine witnesses, is bound to serve his adversary with a copy of the rule, *quere.*

MOTION to set aside inquest. Notice of trial was given on the 28th March for the Wayne circuit, to commence on the second Monday (8th) of June, issue having been joined on 18th March. On the 11th April, notice of motion for a commission to take the testimony of a witness residing in Upper Canada, to be made at the last May term, was served by the defendant. On the 12th day of May, a rule for a commission was granted, to operate as a stay of proceedings, and on the 16th June, a copy was served on the agent of the plaintiff's attorney. In the mean time, an inquest was taken on the eighth day of June, at the Wayne circuit, which was now moved to be set aside as irregularly taken

*Hasbrouck & Fine,* for defendant.

*W. C. Noyes,* for plaintiffs.

*By the Court,* SAVAGE, Ch. J. The commission was applied for in due time, so that the party was entitled to claim that the notice of the motion should operate as a stay of proceedings. (1 *Johns. C.* 391.) The rule, however, would have been granted, if the attention of the court had been called to it, subject to the costs of noticing the cause for trial, in consequence of the defendant's delay in giving notice of his motion after issue joined. The notice, however, operated as a stay only until the rule for a commission was granted. Then an express order, staying the proceedings, was made ; and whether the plaintiff was bound to know the result of the motion, or was at liberty to proceed in the cause until served with a copy of the rule, is a question of practice, respecting which the court is not advised. When a defendant obtains a new trial, after a verdict against him, the plaintiff is not in default for not noticing his cause for trial, until a copy of the rule is served upon him. (9

*Johns.* [*R.* 265.) So, when a venue is changed, a copy of the rule must be served; but the practice, in a case like the present, is unsettled. Under these circumstances, we order the inquest to be set aside, but without costs.